# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NOTHERN DIVISION

| | |
|---|---|
| JEFFREY WALKER, et al., | ) |
| | ) |
|    *Plaintiffs*, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:22-cv-00167 |
| STEVE MARSHALL, in his official | ) |
| capacity as Alabama Secretary of State, | ) |
| et al., | ) |
| | ) |
|    *Defendants*. | ) |

**DEFENDANT STEVE MARSHALL'S RESPONSE TO SHOW CAUSE ORDER**

Defendants Steve Marshall, Brian C.T. Jones, and Jessica Ventier (sued in their official capacities as Alabama Attorney General, District Attorney for Limestone County, and District Attorney for Lee County, respectively) state as follows in response to the Court's April 13, 2022 Order (doc. 3) to show cause why this action should not be transferred to the Northern District of Alabama, where a substantially similar, prior-filed action is pending:

Defendants agree that in the interests of justice, for the convenience of the parties, and to preserve judicial resources, this case should be transferred to the Northern District so that it may be heard together with *Ladinsky et al. v. Ivey et al.*, 2:22cv447 (N.D. Ala. 2022). As this Court recognized, both lawsuits revolve around claims on behalf of gender dysphoric children receiving medical interventions that

are "the subject of the challenged law and both contend that the law violates the guarantees of equal protection and due process of the Constitution of the United States." Doc. 3. It would not be fair to the Defendants to require them to defend the law in two separate courts, nor would it be a good use of judicial resources.

This Court has authority to transfer this action to the Northern District. Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "In determining the propriety of transferring venue in a case, the court must first determine whether the action could originally have been brought in the proposed transferee district court." *Folkes v. Haley*, 64 F. Supp. 2d 1152, 1155 (M.D. Ala. 1999). And second, "the court must decide whether the balance of convenience favors transfer." *Id.* (citation omitted). Each of these two prongs is satisfied here.

Venue in this case would have been proper in the Northern District of Alabama at the time of filing because one of the Defendants—the District Attorney of Limestone County, Alabama—resides in the Northern District. 28 U.S.C. §1391(b)(1). And here, the balance of convenience favors transfer. The cases are substantially identical, requiring consideration of overlapping evidence and the same governing law. Each case is likely to move quickly, at least at the beginning—the challenged law is scheduled to go into effect on May 8, 2022 (*see* Doc. 10 at 12)—

which would make it even more difficult for Defendants if these cases were heard separately. And the case in the Northern District was the first filed of the two. Traditionally, the first-filed rule "provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)).[1]

The rule is "a well established rule of comity" whose purpose is "'to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'" *Goldsby*, 2010 WL 1658703, at *1, *2 (quoting *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985)). "To determine whether actions are duplicative and the first-to-file rule applies, courts consider three factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake." *Id.* at *2 (citing *Fuller v. Abercrombie & Fitch*

---

[1] The "first-filed" rule provides an independent means to transfer the case: this Court's inherent authority. *See Goldsby v. Ash*, No. 2:09-CV-975-TFM, 2010 WL 1658703, at *4 (M.D. Ala. Apr. 22, 2010) ("The Court notes that this case is being transferred pursuant to the Court's inherent authority under the first-filed rule."); *McGarry v. Delta Air Lines, Inc.*, No. 1:18-CV-2794-TWT, 2018 WL 6928799, at *6 (N.D. Ga. Nov. 20, 2018) ("Rather, the first-filed rule provides an independent basis for the transfer of actions like the one before this Court."). *But see In re SK hynix Inc.*, 847 F. App'x 847, 854 (Fed. Cir. 2021) (holding that federal courts' inherent authority under first-filed rule cannot circumvent requirements of § 1404(a)); *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018) (same).

*Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005)). Each factor is satisfied in the unique circumstances of these two cases. While there are some distinctions, each case involves gender dysphoric children and their parents raising Equal Protection and Due Process claims against the same law.

For these reasons, and under the unique circumstances of these cases, this Court should transfer this action to the Northern District so that the two cases challenging the same law on overlapping grounds may be heard together.

Respectfully submitted,

Steve Marshall
  *Attorney General*

/s/ James W. Davis
Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*
A. Barrett Bowdre (ASB-2087-K29V)
  *Deputy Solicitor General*
James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*
Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama  36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

*Counsel for Defendants Steve Marshall,
Brian Jones, and Jessica Ventiere*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ James W. Davis
*Counsel for Defendants Steve Marshall,
Brian Jones, and Jessica Ventiere*