FILED
2022 Apr-18  PM 12:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY WALKER**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:22-cv-480-LCB** |
| | ) | |
| **STEVE MARSHALL**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

This is one of two federal lawsuits challenging the constitutionality of Alabama Senate Bill 184. (Doc. 1 at 1–2). That Act—which goes into effect on May 8, 2022—criminalizes engaging in or performing certain medical practices on minors when: (1) "the practice is performed for the purpose of attempting to alter the appearance of or affirm the minor's perception of his or her gender or sex"; and (2) "that appearance or perception is inconsistent with the minor's sex as defined" by his or her "sex organs, chromosomes, and endogenous hormone profiles."[1]

Plaintiffs initially filed this suit in the United States District Court of the Middle District of Alabama on April 11, 2022, alleging that S.B. 184 violates their rights under the Fourteenth Amendment and 42 U.S.C. § 1983. (Doc. 1 at 40–45). The case was assigned to Chief United States District Judge Emily C. Marks. The

---

[1] S.B. 184, Ala. 2022 Reg. Sess. (Ala. 2022), https://legiscan.com/AL/text/SB184/2022.

next day, April 12, Plaintiffs moved to reassign the case to United States District Judge Myron H. Thompson on the grounds that Judge Thompson had previously presided over a similar case. (Doc. 8 at 1). Defendants objected, arguing vehemently that Judge Thompson's case is no longer pending and that the two cases are not factually or legally similar. (Doc. 17 at 3–12).

With Plaintiffs' motion to reassign pending, Judge Marks ordered the parties to show cause why this case should not be transferred to the United States District Court of the Northern District of Alabama where a separate suit challenging S.B. 184—*Ladinsky v. Ivey*, Case No. 2:22-cv-447-ACA (N.D. Ala. 2022)—had been filed on April 8, 2022 (three days before Plaintiffs filed this suit). (Doc. 3 at 1–2). Defendants responded that they had no objection to transferring this case to the Northern District of Alabama so that the two cases could be considered together. (Doc. 16 at 4). Plaintiffs likewise consented to such a transfer and, in doing so, withdrew their motion to reassign this case to Judge Thompson. (Doc. 18 at 3).

On April 15, 2022, Judge Marks denied Plaintiffs' motion to reassign as moot and transferred this case to the Northern District of Alabama in accordance with the "first-filed" rule and 28 U.S.C. § 1404(a). (Doc. 20 at 2–3). The case was assigned to this Court. That same day, at 6:24 p.m. CDT, Plaintiffs filed a notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. 23 at 1). Nine minutes later, the *Ladinsky* plaintiffs filed a substantively

identical notice of voluntary dismissal in that case. *Ladinsky v. Ivey*, Case No. 2:22-cv-447-ACA (Doc. 15 at 2) (N.D. Ala. 2022).

Plaintiffs' counsel is now telling the media that they "plan to refile immediately[.]"[2] At the risk of stating the obvious, Plaintiffs' course of conduct could give the appearance of judge shopping—"a particularly pernicious form of forum shopping"[3]—a practice that has the propensity to create the appearance of impropriety in the judicial system.[4] The Court will closely monitor how this case proceeds. For now, considering Plaintiffs' Rule 41(a)(1)(A)(i) notice of voluntary dismissal, the Court **DENIES** Plaintiffs' motion for temporary restraining order (Doc. 9) as moot and **DIRECTS** the Clerk of Court to close this case.

Finally, the Clerk of Court is **DIRECTED** to serve a copy of this order on: (1) all counsel for the parties, regardless of whether counsel has entered a formal notice of appearance or received *pro hac vice* admission in this Court; (2) the Honorable L. Scott Coogler, Chief United States District Judge of the Northern District of Alabama; (3) the Honorable Emily C. Marks, Chief United States District Judge of the Middle District of Alabama; (4) the Honorable Jeffrey U. Beaverstock,

---

[2] Paul Gattis, *Lawsuits Seeking to Overturn New Alabama Transgender Law Dropped, Could be Refiled*, AL.COM (Apr. 16, 2022, 5:43 p.m.), https://www.al.com/news/2022/04/lawsuits-seeking-to-overturn-new-alabama-transgender-law-dropped-could-be-refiled.html.

[3] *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 1001 (10th Cir. 2021).

[4] *United States v. Haldeman*, 559 F.2d 31, 134 (D.C. Cir. 1976) (per curiam).

Chief United States District Judge of the Southern District of Alabama; (5) Sharon Harris, Clerk of Court for the United States District Court of the Northern District of Alabama; (6) Debra P. Hackett, Clerk of Court for the United States District Court of the Middle District of Alabama; and (7) Charles R. Diard, Jr., Clerk of Court for the Southern District of Alabama.

**DONE** and **ORDERED** April 18, 2022.

_____

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE